PALO PINTO MUTUAL LIFE ASS'N et al., Appellant, v. Ed M. AUTREY, Appellee. (No. 450.) Court of Civil Appeals of Texas. Eastland. May 25, 1928. Rehearing Denied June 15, 1928. Appeal from District Court, Palo Pinto County; J. B. Keith, Judge. Hood & Shadle, of Weatherford, for appellant. Bouldin & Zivley, of Mineral Wells, for appellee.

LESLIE, J. The appellee, Ed M. Autrey, sued the Palo Pinto Mutual Life Association and the Palo Pinto County Mutual Benevolent Association, mutual aid insurance companies, and the individual directors of said companies, namely, E. A. Smith, B. S. Knight, A. J. Evans, O. M. Herring, and L. E. Shaw, to recover on a life, health, and accident insurance contract issued to him by the said benevolent association. It was charged in the pleadings, and so found by the court, that said benevolent association was subsequently conducted in the name of the Palo Pinto Mutual Life Association, which was not a new organization, but a continuation of the benevolent association, and carrying forward its obligations. The trial was before the court without a jury. Judgment was rendered in favor of the plaintiff for the sum of $1,000 against the defendant associations jointly and severally, and a mandatory injunction was likewise awarded the plaintiff, requiring said directors to levy an assessment upon the members of the associations for the benefit of the plaintiff and in liquidation of the judgment. The court refused to render a judgment against the individual defendants, further than in the respect mentioned. The said associations have appealed, but the individual defendants and directors have not done so, and are apparently satisfied with the judgment of the trial court in respect to the order granting the mandatory injunction. The defense relied upon is in effect that the policy declared upon by the plaintiff was superseded by a policy of later date, issued by the Palo Pinto Mutual Life Association in lieu of the one sued upon. The court has made and filed herein comprehensive findings of fact and conclusions of law. The record also contains a statement of the facts. By numerous assignments the conclusions of the court are assailed. We have examined each assignment. The points chiefly relied upon for reversal pertain to the testimony or the sufficiency thereof to support the court's findings. It appears that the findings of the court are amply supported by the testimony in the case, and his conclusions of law warranted. The assignments are overruled. The judgment is correct, and will be affirmed.